UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:18-cr-114-T-33CPT

AEON L. GRAHAM

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Aeon L. Graham's pro se Motion for Compassionate Release (Doc. # 46), filed on June 22, 2020. Graham filed a supplemental memorandum in support of his Motion on July 6, 2020. (Doc. # 50). The United States of America responded on July 13, 2020. (Doc. # 51). On July 16, 2020, without leave of Court, Graham filed a reply. (Doc. # 55). For the reasons set forth below, the Motion is denied.

**I.  Background**

In September 2018, the Court sentenced Graham to 81 months' imprisonment for conspiracy to commit access device fraud and aggravated identity theft. (Doc. # 43). Graham is 25 years old and his projected release date from FCI Coleman Medium is June 15, 2024. (Doc. # 51 at 2).

In his Motion, Graham seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his other medical conditions. (Doc. # 46). Alternatively, Graham requests that the Court grant him home confinement. (Id.). Graham also requests that he be appointed counsel. (Id.). The United States has responded, (Doc. # 51) and Graham replied. (Doc. # 55). The Motion is ripe for review.

## II. Discussion

### A. Request for Home Confinement

In his Motion, Graham requests that the Court grant him home confinement. (Doc. # 46 at 18). However, the Court has no authority to direct the Bureau of Prisons (BOP) to place Graham in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020)(explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place

an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Graham's request for home confinement falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

    **B.**    **Request for Compassionate Release**

Regarding Graham's request for compassionate release, the United States argues that the Motion should be denied (1) because Graham has failed to exhaust administrative remedies and (2) on the merits. (Doc. # 51 at 10-17). The Court agrees with the United States that Graham has failed to exhaust his administrative remedies.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Graham argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after

> considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." <u>United States v. Estrada Elias</u>, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." <u>Id.</u>

Here, Graham alleges that he has exhausted his administrative remedies: "[Graham] submitted his request to the warden on May 6, 2020. As of the date of this filing, more than 30 days after Petitioner submitted his request, the BOP has not filed a motion with this Court on [Graham's] behalf. Accordingly, . . . this Court is vested with the Jurisdiction to rule on the request[ed] relief." (Doc. # 46 at 5).

However, Graham has not exhausted his administrative remedies. The Warden timely denied Graham's request for compassionate release on May 29, 2020. (Doc. # 51 at 12).

Thus, thirty days did not lapse between Graham's submission of a request for compassionate release to the Warden and the Warden's decision on the request. Despite his ability to appeal this denial, Graham has not done so. (Id.).

In short, Graham has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief."); United States v. Elgin, No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571, at *3 (N.D. Ind. May 23, 2019) (requiring that the inmate appeal the Warden's denial of relief to fully exhaust her administrative remedies).

Therefore, Graham's Motion must be denied. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(denying motion for release to home confinement due to COVID-19 and explaining that "[Section

3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

Even if Graham was found to have exhausted his administrative remedies, the Court denies the Motion because his circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Graham bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)

("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Graham alleges that he suffers from underlying health conditions, including "severe asthma, bronchitis, respiratory problems, obesity, and . . . pre-diabet[es]." (Doc. # 46 at 16), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG §1B1.13, comment. (n.1); see also United States v. Perez-Asencio, No. 18-cr-3611-H, 2019 WL 626175, at *3 (S.D. Cal. Feb. 14, 2019) (concluding the defendant's medical conditions did not qualify him for compassionate release because he did not provide medical records or documentation). Graham has provided no documentation for these alleged health conditions. (Doc. # 46). Graham's medical records provide no evidence of obesity, bronchitis, or pre-diabetes, and there is no finding that Graham suffers from *severe* asthma. (Doc. # 51 at 16-17).

Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, even if Graham has exhausted his administrative remedies, he has not shown an extraordinary and compelling reason that justifies compassionate release.

While Graham's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Because the Court finds that Graham's Motion must be dismissed, his request for appointment of counsel is also dismissed. See <u>United States v. Bryant</u>, No. cr-416-345, 2020 WL 4939119, at *2 (S.D. Ga. August 24, 2020) (denying request for appointment of counsel as moot following dismissal of motion for compassionate release).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Aeon L. Graham's pro se Motion for Compassionate Release (Doc. # 46) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE